Martin F. Casey, Esq.
Gregory G. Barnett, Esq.
Thomas M. Grasso, Esq.
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHIQUITA BRANDS INTERNATIONAL S.A.R.L.
*f/n/a CHIQUITA INTERNATIONAL LIMITED*, CB
CONTAINERS, INC. CHIQUITA FRESH NORTH
AMERICA, LLC, CHIQUITA BRANDS N.A. and
GREAT WHITE FLEET (US) LTD.,

           Plaintiffs,

           - against -

M/V EURUS LONDON, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*;
EURUS LONDON, LLC, *in personam*,

           Defendants.
------------------------------------------------------------X

09 CIV 8178

09 Civ.

COMPLAINT

RECEIVED SEP 25 2009 U.S.D.C. S.D.N.Y. CASHIERS

     Plaintiffs, CHIQUITA BRANDS INTERNATIONAL S.A.R.L. *f/n/a CHIQUITA INTERNATIONAL LIMITED*, CB CONTAINERS, INC., CHIQUITA FRESH NORTH AMERICA, LLC, CHIQUITA BRANDS N.A. (hereinafter "CHIQUITA") and GREAT WHITE FLEET (US) LIMITED (hereinafter "GWF"), by and through their attorneys, CASEY & BARNETT, LLC, as and for their Complaint in a cause of action both civil and maritime, respectfully allege upon information and belief:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## THE PARTIES

2. At all material times, CHIQUITA was and are corporations organized and existing by virtue of the laws of a state or country other than New York with headquarters at 250 East Fifth Street, Cincinnati, Ohio 45202. CHIQUITA was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas, puree and pineapples into the United States and was the owner and or successor in title to a cargo of bananas, puree and pineapples loaded onboard the M/V EURUS LONDON in September 2008.

3. At all material times, CHIQUITA was the owner and/or lessee of certain refrigerated containers that were laden on board the M/V EURUS LONDON.

4. At all material times, GWF was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street Suite 109 Hamilton HM JX Bermuda. GWF was and is engaged, *inter alia*, in the transportation of fresh fruit, including bananas, into the United States.

5. At all material times, the M/V EURUS LONDON was and is an oceangoing refrigerated cargo vessel built in 1992, that is flagged in the Liberia, has the call sign A8MH7, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

6. Upon information and belief, at all material times, defendant Eurus London, LLC was and is a foreign company with an office and place of business located in the Marshall Islands, and owns, operates, manages and/or charters ships, including the M/V EURUS LONDON, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V EURUS LONDON, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

7. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## FACTS

8. On or about May 17, 2007, defendant EURUS LONDON LLC, by addendum, entered into a Refrigerated Vessel Time Charter for the M/V EURUS LONDON with Great White Fleet, Ltd. The vessel was chartered, among other things, to transport Chiquita bananas from Central America to various ports in the United States, including Wilmington, De.

9. On or about September 16-21, 2008, CHIQUITA and/or their representatives delivered to the *in personam* defendants and the M/V EURUS LONDON, at the ports of Puerto Cortes, Honduras and Puerto Limon, Costa Rica, a cargo of 308,870 boxes of green fresh bananas loaded in 321 containers, owned by and/or consigned to CHIQUITA, in good order and condition, for carriage aboard the M/V EURUS LONDON, to Wilmington, Delaware, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including but not limited to bill of ladings number GWFL-C838 W001 and GWFL-L838W001 dated September 17, 2008 and September 20, 2008, respectively,

which was then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V EURUS LONDON.

10. On or about September 18, 2008, shipper Planta Agricola Del Valle, DE and/or its representatives delivered to the defendants and the M/V EURUS LONDON, at the port of Puerto, Limon, Costa Rica, a cargo of 4,345 boxes of Pineapples loaded in 3 containers, owned by and/or consigned to CHIQUITA, in good order and condition, for carriage aboard the M/V EURUS LONDON, to Wilmington, Delaware, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including but not limited to GWF bill of lading number GWFT3008635A dated September 18, 2008, which was then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V EURUS LONDON.

11. On or about September 18, 2008, shipper CIA. Mundimar, S.A. and/or its representatives delivered to the defendants and the M/V EURUS LONDON, at the port of Puerto Limon, Costa Rica, a cargo of 7680 boxes of frozen whole peeled boxes of bananas loaded in 2 containers, owned by and/or consigned to CHIQUITA, in good order and condition, for carriage aboard the M/V EURUS LONDON, to Wilmington, Delaware, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including but not limited to GWF bill of lading number GWFT3008627A dated September 18, 2008, which was then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V EURUS LONDON.

12. Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

13. On or about September 24, 2008, while the vessel was in transit in the Atlantic Ocean heading toward the port of Wilmington, Delaware, the vessel reported that 21 (twenty-one) containers fell overboard into the sea and were lost. Additional containers in Bays 10 and 14 collapsed in stow, causing physical damage to both cargo and containers.

14. The vessel arrived in Wilmington, Delaware on September 26, 2008.

15. As a result of the damage to the fruit that was in the collapsed containers and the containers and that were lost overboard, CHIQUITA was forced to mitigate their loss by cleaning the area, sorting through the fruit and disposing of some of the fruit and selling other fruit at a reduced price from what they would have realized. In addition, CHIQUITA incurred the expense of cleaning, storing and disposing of the damaged containers that were still on deck.

16. Additionally, due to the damage to the vessel, GWF the vessel was unable to perform as required under the charter party between GWF and Owners. As a consequence, GWF incurred additional expenses which includes, but is not limited to, the hiring of a shore crane, off hire of the vessel, salvage operations, extra stevedore costs, the hiring of a replacement vessel, additional port costs in both Wilmington and Port Everglades and loss of freight for Southbound cargo.

17. The losses sustained by CHIQUITA and GWF were not the result of any act or omission of plaintiffs but, on the contrary, were due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of *in personam*

defendant EURUS LONDON, LLC as well as the unseaworthiness of the M/V EURUS LONDON which was discoverable by the exercise of due diligence.

18. Plaintiff CHIQUITA has sustained losses in the amount of $350,000 for the fresh and frozen banana and pineapple cargoes that were damaged.

19. Plaintiff CHIQUITA has sustained losses in the amount of $300,000 for the damage to the containers onboard the vessel and that were damaged and/or lost overboard. The containers are: CBFU 344891-9, CBFU 345333-0, CBFU 344704-4, CBFU 344136-5, CBFU 345767-5, CBFU 344362-4, CBFU 344567-4, CBFU 342983-7, CBFU 343606-0, CBFU 343422-1, CBFU 344045-6, CBFU 342761-8, GCEU 603543-8, GCEU 604762-9, GESU 936911-8, GESU 926768-8, TOLU 760227-5, TRLU 150967-0, TRLU 153347-0, TOLU 760365-1, TRIU 740997-1, CBFU 345572-8, CBFU 345359-8, CBFU 344855-0, TOLU 589759-9, TOLU 760275-8, CBFU 344886-3, CBFU 345647-3, CBFU 344541-6, GSTU 876071-0, GSTU 974740-9, CBFU 343500-1, CBFU 343333-3.

20. Plaintiffs CHIQUITA and GWF sustained losses in the amount of $400,000 for damages sustained with respect to additional equipment rental, salvage and stevedoring operations.

21. Plaintiffs CHIQUITA and GWF sustained losses in the amount of $300,000 for damages sustained with respect to extra port costs, extra port calls, survey fees, additional equipment rental, salvage and stevedoring operations.

22. Plaintiff GWF sustained damages in the amount of $375,000 for loss of hire, having to hire a replacement vessel and loss of freight.

23. Plaintiffs have a maritime lien against the M/V EURUS LONDON and the defendants for the damages referred to herein and will enforce that lien in these proceedings.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law issue against the defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. That if the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to secure plaintiffs' claims;

3. *In rem* service of process be issued against the M/V EURUS LONDON, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4. The Court order, adjudge and decree that defendants pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    September 25, 2009
    153-27

                                    CASEY & BARNETT, LLC
                                    Attorneys for Plaintiffs

                            By:     _____
                                    Martin F. Casey
                                    Gregory G. Barnett
                                    Thomas M. Grasso
                                    65 West 36th Street, 9th Floor
                                    New York, New York 10018
                                    (212) 286-0225

7